# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

REGINA HOGAN,
Plaintiff,

vs.

PNK (OHIO) LLC d/b/a BELTERRA,
PARK GAMING AND
ENTERTAINMENT CENTER, et al.,
Defendants.

Case No. 1:19-cv-487
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Regina Hogan filed her initial pro se complaint in this matter on July 1, 2019. (Doc. 1). She named as defendants "PNK (Ohio) LLC dba nka Pinnacle Entertainment Inc nka Penn National Gaming Inc. nka dba Boyd Gaming Corporation nka dba Belterra Park Racetrack dba Belterra Park Gaming and Entertainment Center"; Jerry Schwab aka Jerome Schwab; Jason Newkirk; Katie Hartmann; Chris Corrado; Dana Burgess; and Jonathan Peters. On July 26, 2019, defendants filed a motion to dismiss the complaint. (Doc. 10). Defendants Boyd Gaming Corporation, Pinnacle Entertainment, Inc., Penn National Gaming, Inc., Schwab, Newkirk, Hartmann, Corrado, Burgess, and Peters moved the Court to dismiss plaintiff's claims against them for failure to state a claim on which relief can be granted.[1] Defendant PNK (Ohio) LLC moved to dismiss only some of plaintiff's claims against it for failure to state a claim for relief. (*Id.*).

Counsel subsequently entered an appearance for plaintiff. (Docs. 18, 19). Plaintiff then filed an amended complaint on August 16, 2019. (Doc. 20). Plaintiff names only two defendants in the amended complaint: PNK (Ohio) LLC d/b/a Belterra Park Gaming and

---

[1] Defendants asserted in the motion to dismiss that plaintiff incorrectly indicated in her complaint that Pinnacle Entertainment is "now known as" Penn National Gaming, Inc. (Doc. 10 at 1, n.1). Defendants also stated that Pinnacle Entertainment, Inc. is a separate entity and a subsidiary of Penn National Gaming, Inc.

Entertainment Center ("Belterra Park") and Jerry Schwab. Defendants Belterra Park and Schwab filed an answer to the amended complaint on August 30, 2019. (Doc. 21).

Plaintiff filed her amended complaint as a matter of course within 21 days after defendants served their motion to dismiss under Fed. R. Civ. P. 12(b). *See* Fed. R. Civ. P. 15(a)(1)(B). The properly filed amended complaint supersedes the original complaint "for all purposes," and the amended complaint is the legally operative complaint in this matter. *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) (quoting *In re Refrigerant Compressors Antitrust Litigation,* 731 F.3d 586, 589 (6th Cir. 2013)). Defendants' motion to dismiss the original complaint in whole or in part is therefore moot.

It is therefore **RECOMMENDED** that the motion to dismiss plaintiff's original complaint (Doc. 10) be **DENIED** as **MOOT**.

Date: 2/6/2020

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

REGINA HOGAN,
    Plaintiff,

vs.

PNK (OHIO) LLC d/b/a BELTERRA,
PARK GAMING AND
ENTERTAINMENT CENTER, et al.,
    Defendants.

Case No. 1:19-cv-487
Barrett, J.
Litkovitz, M.J.

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).