**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **REGINA HOGAN,** | |
| Plaintiff, | |
| | Case No. 1:19-cv-487 |
| vs. | |
| | Judge Matthew W. McFarland |
| **PNK (OHIO) LLC, dba BELTERRA PARK GAMING AND ENTERTAINMENT CENTER,** *et al.,* | |
| | Chief Magistrate Judge Karen Litkovitz |
| Defendants. | |

**STIPULATED PROTECTIVE ORDER**

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.      **Scope.**  Documents produced by Defendant in response to Plaintiff's First Set of Requests for Production of Documents, including portions of personnel file documents of current and former employees, as well as Plaintiff's medical records as received by Defendant from Plaintiff's medical providers (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.      **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents, except with respect to Plaintiff's medical records received by Defendant, which Plaintiff may designate as CONFIDENTIAL within seven days after such records are produced to Plaintiff. When electronically stored information is produced which cannot itself be marked with the CONFIDENTIAL designation, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection as CONFIDENTIAL, even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.      **Documents Which May be Designated CONFIDENTIAL.** Defendant may designate any or all of the documents, as defined above, as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or

that should be protected from disclosure as personnel records, including those which include confidential personal information. Plaintiff may designate any or all of her medical records, as discussed above, as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as including confidential personal information. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

4. **Protection of Confidential Material.**

(a) **General Protections.** All information designated "CONFIDENTIAL" and subject to this Order, including all information derived therefrom, shall be used by the receiving party solely for purposes of prosecuting or defending this action. The receiving party shall not use or disclose the CONFIDENTIAL documents for any other purpose, including but not limited to, any business, commercial, or competitive purpose. This Order shall not prevent the producing party from using or disclosing information it has designated as CONFIDENTIAL, and that which belongs to the producing party, for any purpose the producing entity deems appropriate and as permitted by law.

(b) **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

(1) **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

(2) **Parties.** Parties and employees of a party to this Order;

2

(3)     **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(4)     **Consultants, Investigators and Experts**. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(5)     **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c)     **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d)     **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall

3

thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**5.     Filing of CONFIDENTIAL Documents Under Seal.** Absent a statute or an order of this Court, documents may not be filed under seal. *See* L.R.5.2.1; Sealed Documents. Neither this Stipulated Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to this Stipulated Protective Order or other relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is

submitted, and the name of the attorney who has filed the sealed document. A copy of this Stipulated Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.

Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom. The hearing, argument, or trial will be public in all respects.

6. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

7. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion under Local Rule 7.2 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

8. **Use of Confidential Documents or Information at Trial**. All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance

5

notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.). The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

        **9.**        **Obligations on Conclusion of Litigation.**

        **(a)**        **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

        **(b)**        **Return of CONFIDENTIAL Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL , so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents.

        **(c)**        **Return of Documents Filed under Seal**. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the

parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

10.     **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.2 and the presiding judge's standing orders or other relevant orders.

11.     **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

12.     **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated:     4/6/2021                                      *Karen L. Litkovitz*
                                                        Karen L. Litkovitz
                                                        United States Magistrate Judge

7

WE SO MOVE/STIPULATE and agree to abide by the terms of this Order.

*Attorney for Plaintiff*                                 *Attorneys for Defendants*


/s/Stephen E. Imm                                        /s/ Chad J. Kaldor
Stephen E. Imm (#0040068)                                Chad J. Kaldor  (#0079957)
FINNEY LAW FIRM, LLC                                     Sarah K. Squillante (#0096705)
4270 Ivy Pointe Boulevard, Suite 255                     LITTLER MENDELSON, P.C.
Cincinnati, OH 45245                                     41 South High St., Suite 3250
Telephone:  513.943.5678                                 Columbus, OH  43215
Facsimile:  513.943.6669                                 Telephone:   614.463.4220
E-mail:      stephen@finneylawfirm.com                   Facsimile:   614.221.3301
                                                         E-mail:      ckaldor@littler.com
                                                                      ssquillante@littler.com


Dated:          March 30, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **REGINA HOGAN,** | |
| Plaintiff, | Case No. 1:19-cv-487 |
| vs. | Judge Matthew W. McFarland |
| **PNK (OHIO), LLC dba BELTERRA PARK GAMING AND ENTERTAINMENT CENTER,** *et al.*, | Chief Magistrate Judge Karen Litkovitz |
| Defendants. | |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the above-captioned action and attached hereto, understands the terms

thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the

United States District Court for the Southern District of Ohio in matters relating to the Protective

Order and understands that the terms of the Protective Order obligate him/her to use documents

designated as CONFIDENTIAL in accordance with the Order solely for the purposes of the above-

captioned action, and not to disclose any such documents or information derived directly therefrom

to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

A-9

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____

Signature: _____

4849-6781-5138.3 100291.1002